# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| APRIL LIVAS | CIVIL ACTION NO. 17-1352 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| TELEPERFORMANCE USA, INC. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Plaintiff has written to the Court [Record Document 22] in response to its grant of summary judgment in favor of Defendant [Record Documents 20 and 21]. In her letter, Plaintiff requests that her case be allowed to proceed to trial. [Record Document 22]. In light of Plaintiff's pro se status, the Court will construe the letter as a motion under Rule 60(b) of the Federal Rules of Civil Procedure.

Under Rule 60(b), a court may grant relief from a final judgment for various reasons including "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence" and "any other reason that justifies relief." Fed. R. Civ. P. 60. None of these grounds are applicable here.

Plaintiff asks that she be allowed to present sworn testimony, [Record Document 22 at 1], seemingly believing that she should be allowed to proceed to trial without participating in motion practice. However, the Magistrate Judge gave Plaintiff an express warning when summons were issued:

> Plaintiff is advised that this is not an informal agency proceeding. It is a court proceeding that will require significantly more time and effort from her than the less formal agency proceedings before the EEOC.
> . . . .

1

> If Plaintiff succeeds in serving Teleperformance, the court will set deadlines for conducting discovery and the filing of motions. If the case survives that process, the court will set a trial date and related deadlines. Plaintiff, although she is self-represented, will be obligated to follow the court's orders and the applicable procedural rules.

[Record Document 6 at 1–2]. Despite the Magistrate Judge's warning, Plaintiff now writes, "I would not like my case dismiss[ed,] I would like it investigated." [Record Document 22 at 1].

It was Plaintiff's responsibility, not this Court's, to conduct whatever investigation may have been necessary to support her claim. The record does not reflect that Plaintiff engaged in any discovery. Her participation in motion practice was limited to two filings: a copy of a decision by a state administrative law judge awarding her unemployment benefits and a sixty-five word opposition to Defendant's motion for summary judgment. [Record Documents 16 and 19]. Although Plaintiff has repeatedly asserted that she has evidence to support her claim, she has produced none of this evidence. [Record Documents 19 at 1 and 22 at 1].

A plaintiff is not entitled to proceed to trial unless she can produce evidence that, if believed, would justify a verdict in her favor. As the Fifth Circuit has noted, "once a motion for summary judgment has pierced the allegations contained in either the complaint or answer, produce one must or face the potential of an adverse summary judgment." *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993). Plaintiff failed to carry her burden of production and has offered the Court nothing from which to conclude that relief from that judgment is warranted.

Plaintiff's motion for relief from judgment [Record Document 22] is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this ___ day of _____, 2018.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE